**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case Number:_____-CV-_____

**ANDRES GOMEZ,**

    **Plaintiff,**

**V.**

**BRAVA RESTAURANT,**

    **Defendant.**

_____/

## COMPLAINT

ANDRES GOMEZ ("Plaintiff Gomez" or "Plaintiff"), seeks a permanent injunction requiring a change in BRAVA RESTAURANT ("Defendant" or the "Company") corporate polices to cause Defendant's website to become, and remain, accessible and in support thereof asserts as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant and asserts that its website is not accessible to blind and visually impaired consumers in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA") and Florida Statutes §760.02 and §509.092, resulting in a barrier to access the goods and services offered at Defendant's physical brick and mortar restaurant. Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies related to its web-based technologies so that Defendant's website will become, and will remain, accessible. The website(s) at issue is www.bravabybradkilgore.com (the "Website").

2. While the increasing pervasiveness of digital information presents an unprecedented opportunity to increase access to goods and services for people with perceptual or motor disabilities, website developers and web content developers often implement digital technologies without regard to whether those technologies can be accessed by individuals with disabilities. This is notwithstanding the fact that accessible technology is both readily available and cost effective.

3.      Blind and visually impaired consumers must use screen reading software or other assistive technologies in order to access website content. Defendant's Website contains digital barriers which limit the ability of blind and visually impaired consumers to access the site.

4.      Plaintiff has patronized Defendant's Website in the past, and intends to continue to patronize Defendant's Website and Defendant's brick and mortar restaurant in the future. However, unless Defendant is compelled to eliminate the access barriers at issue, and required to change its policies so that access barriers do not reoccur on Defendant's Website, Plaintiff will continue to be denied full access to the Website as described, and will be deterred from fully using Defendant's Website and having equal access to the goods and services offered at Defendant's brick and mortar restaurant which visually capable individuals currently enjoy.

5.      The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities....Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . . 42 U.S.C. § 12188(a)(2).

6.      Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring:

a)      that Defendant retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of the Website so that it complies with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0 AA");

b)      that Defendant work with the Mutually Agreed Upon Consultant to ensure that all employees involved in website development and content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

c)      that Defendant work with the Mutually Agreed Upon Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendants' Website continues to comply with WCAG 2.0 AA on an ongoing basis;

d)      that Defendant work with the Mutually Agreed Upon Consultant to perform end-user accessibility/usability testing on a periodic basis with said testing to be performed by

individuals with various disabilities to evaluate whether Defendants' Website continues to comply with WCAG 2.0 AA on an ongoing basis; and,

e) that Defendant work with the Mutually Agreed Upon Consultant to evaluate whether the inaccessible website has been rendered accessible, and whether corporate policies related to web- based technologies have been changed in a meaningful manner that will cause the website to remain accessible, the website must be reviewed on periodic basis using both automated accessibility screening tools and end user testing by disabled individuals.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

8. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

10. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

11. The remedies provided by F.S.§760 are not exclusive. State administrative remedies need not be exhausted in connection with suits brought under the ADA.

12. This Court has Supplemental Jurisdiction under 28 U.S.C. §§ 1367(a) over the forthcoming State law claim under §760.02 and §509.092 as the state law claims asserted herein form part of the same case and these issues do not raise novel or complex issues of state law, the claims do not substantially predominate over the ADA claim and there are no other exceptional or compelling reasons for this Court to decline jurisdiction.

## PARTIES

13. Plaintiff Gomez and, at all times relevant hereto, has been a resident of the State of Florida. Plaintiff Gomez is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Plaintiff is substantially limited to performing the major life activity of sight.

14. Defendant, BRAVA RESTAURANT, is a for profit company doing significant business in this judicial district. Defendant has physical brick and mortar restaurant locations throughout the United States. Defendant owns operates and maintains brick and mortar restaurants in the State of Florida and specifically at 1300 Biscayne Blvd., Miami, FL 33132 which Plaintiff would and has attempted to frequent if not for the digital barriers that impede his access to the location and the goods and service offered there.

15. Defendant's restaurant offers goods and services to the public. Defendant also offers goods and services to the public through the Website. Defendant's brick and mortar establishment and website are integrated and are public accommodations pursuant to 42 U.S.C. § 12181(7).

## FACTUAL BACKGROUND AND ALLEGATIONS

16. The Internet has become a significant source of information and a means for conducting everyday activities such as shopping, banking, etc. for both sighted and blind and visually-impaired persons, as well as individuals with other perceptual or motor disabilities.

17. Blind individuals may access websites by using keyboards in conjunction with screen reader software that converts text to audio. Screen reader software provides the primary method by which a blind person may independently use the Internet. Unless websites are designed to be read by screen reader software, blind individuals are unable to fully access websites and the information, products and

services available through the sites. The international website standards organization, W3C, has published WCAG 2.0 AA. WCAG 2.0 AA provides widely accepted guidelines for making websites accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice and numerous federal courts.

18. Plaintiff is permanently blind and uses one of the most popular screen reader software in the world in order to access the Internet and website content.

19. Through the Website, Defendant offers listings of food items, description of food items, address to the restaurant, and phone number.

20. However, Defendant's website is improperly coded as to dis-allow Plaintiff, and others with visual disabilities, to adequately access this information as the Website is not compatible with the most popular screen reader software.

21. If Defendant's Website were coded properly, Plaintiff would be able to know what the food items are, be able to determine the ingredients used, whether the restaurant has gluten free ingredients, find the restaurant, determine which food items are appetizing, determine if Plaintiff can afford the food for sale at the restaurant and then travel to said restaurant to utilize the currently inaccessible information on the website to patronize the store as a sighted person might.

22. However, because the Defendant's Website is not accessible to visually impaired individuals like Plaintiff, Plaintiff is unable to know what is featured on the food menu, unable to determine the restaurant location, unable to determine whether there are gluten free items, unable to determine whether he can afford the food items for sale, unable to determine the phone number of the restaurant, and therefore unable to patronize Defendant's physical restaurant as a sighted person might.

23. There is a physical nexus between Defendant's website and physical restaurant establishment in that the website provides the telephone contact information, the actual location of restaurant,

access to descriptions of food and drinks found at the location and information on special dietary considerations like whether some menu items served at the restaurant are gluten free. Plaintiff has been denied access to this information based on Defendant's improperly coded website that is incompatible with Plaintiff's screen reader software and therefore unable to adequately patronize Defendant's brick and mortar store in a substantially equal manner to that of a person with full visual faculties.

24. Despite several attempts to use and navigate the Website, due to the access barriers on the Defendant's Website, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services available on the Website and at Defendant's restaurant.

25. The barriers at the Website have caused a denial of Plaintiff's full and equal access multiple times in the past. These digital barriers deter Plaintiff from attempting to use Defendant's website and visiting Defendant's physical brick and mortar restaurant. However, Plaintiff intends to use the website in the future and access Defendant's restaurant once the Website becomes accessible.

26. The access barriers at the Website that Plaintiff has encountered include but are not limited to, the following:

   a) Text equivalent for every non-text element is not provided;

   b) Information about the meaning and structure of the Website's content is not conveyed by more than the visual presentation of content;

   c) When the sequence in which content is presented affects its meaning, a correct reading sequence cannot be programmatically determined;

   d) Web pages do not have titles that describe topic or purpose; and,

   e) Images on the website are not explained to the user with use of a screen reader program;

27. If the Website were accessible, Plaintiff could independently shop for and research food items via Defendant's website, then utilize that information to visit and eat at Defendant's brick and mortar restaurant.

28. Upon information and belief, Defendant has never had a plan or policy that is reasonably calculated to make its Website fully accessible to, and independently usable by blind people.

29. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is

required to modify its website to correct the discriminatory conditions as set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant.

30. Without injunctive relief, Plaintiff and other blind individuals will continue to be unable to independently use the Website in violation of their rights under the ADA.

31. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendant.

## SUBSTANTIVE VIOLATION
### (Title III of the ADA, 42 U.S.C. § 12181 *et seq.*)

32. The allegations contained in paragraphs 1 through 31 are re-alleged herein.

33. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

34. Defendant's restaurant and integrated website are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

35. There is a physical nexus between Defendant's website and physical restaurant in that the Website provides the contact information of the restaurant, description of menu items, special events and access to detailed information on the location of the restaurant.

36. This information cannot be presented to Plaintiff, and others with visual disabilities, due to the inaccessible nature of Defendant's Website in that the Website is not properly coded to be compatible with common screen reader software utilized by Plaintiff and others with visual disabilities.

37. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

38. By having a website which is not properly coded to be compatible with common screen reader software utilized by Plaintiff and others with visual disabilities, Defendant is in violation of 42 U.S.C. § 12182(b)(1)(A)(i).

39. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. §12182(b)(1)(A)(ii).

40. By having a website which is not properly coded to be compatible with common screen reader software utilized by Plaintiff and others with visual disabilities, Defendant is in violation of 42 U.S.C. §12182(b)(1)(A)(ii).

41. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such

modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); *see also* 28 C.F.R. § 36.303(a).

42. By having a website which is not properly coded to be compatible with common screen reader software utilized by Plaintiff and others with visual disabilities, Defendant is in violation of 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii) and 28 C.F.R. § 36.303(a).

43. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including "...accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b).

44. By having a website which is not properly coded to be compatible with common screen reader software utilized by Plaintiff and others with visual disabilities, Defendant is in violation of 28 C.F.R. § 36.303(b).

45. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is blind and has disabilities that substantially limit the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), has been denied full and equal access to Defendant's Website because of his disability. He has not been provided services that are

provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

46. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## **COUNT II - VIOLATION OF FLORIDA STATUTES §509 and §760 *et al.***

47. Plaintiff Gomez realleges and incorporates by reference the allegations set forth in ¶¶s 1-31 and 33-46 above.

48. Defendant has violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any public accommodation, without discrimination or segregation on the grounds of handicap.

49. §760.02 (11) states that "public accommodations means places of public accommodation, lodgings, facilities principally engaged in selling food for consumption on the premises, gasoline stations, places of exhibition or entertainment, and other covered establishments. Each of the following establishments which serves the public is a place of public accommodation within the meaning of this section."

50. Further, §760.02 (11)(b) states "Any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises" is subject to the Statute.

51. Defendant is a for profit restaurant and is a public accommodation within the meaning of §760.02(11).

52. Defendant's failure to provide an accessible website to visually impaired persons fails to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any

public accommodation, without discrimination or segregation on the grounds of handicap in violation of §760.02.

53. As such, §760.11(5) provides that "in any civil action brought under this section, the court may issue an order prohibiting the discriminatory practice and providing affirmative relief from the effects of the practice. The court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. The provisions of ss. 768.72 and 768.73 do not apply to this section. The judgment for the total amount of punitive damages awarded under this section to an aggrieved person shall not exceed $100,000."

54. As result of Defendant's discriminatory conduct in failing to provide an accessible website, Plaintiff has suffered mental anguish and loss of dignity.

55. The failure of the Defendant's website to accommodate Plaintiff Gomez is tantamount to refusal to do so. As such, Defendant has also violated Florida Statute §509.092, which states that a public food service establishment may not refuse accommodation or service to any person based upon physical disability.

56. Defendant reasonably foresaw that visually impaired individuals would attempt to use its website to gather information about the restaurant.

57. The violations of Florida law were deliberate and knowing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA and Florida Statutes 509 and 760 as described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Websites are fully accessible to, and independently usable by, blind individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2), 28 CFR § 36.504 (a), and Florida Statutes §760.02 and §509.092 which directs Defendant to take all steps necessary to bring the Website into full compliance with the requirements set forth in the ADA, and implementing regulations, so that the Website is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law—the specific injunctive relief requested by Plaintiff is described more fully in Paragraph 6 above;

c. Payment of costs of suit;

d. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505;

e. Payment of Compensatory Damages to Plaintiff, including but not limited to mental anguish, loss of dignity, and any other intangible injuries pursuant to Florida Statute §760.11(5).

f. Retaining jurisdiction to permit Plaintiff to amend the Complaint after proffering a reasonable evidentiary basis for the award of punitive damages; and

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: August 5, 2019

Respectfully Submitted,

*/s/ Alberto R. Leal*
Alberto R. Leal
Florida Bar No.: 1002345
The Leal Law Firm, P.A.
9314 Forest Hill Boulevard #62
Wellington, FL 33411
Phone:561-237-2740
Facsimile: 561-237-2741
E-Mail: al@thelealfirm.com

/s/ *Douglas S. Schapiro*
Douglas S. Schapiro
Fla. Bar #54538
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tele: (561) 807-7388
Email:schapiro@schapirolawgroup.com

A**TTORNEYS FOR PLAINTIFF**